IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-14 |
| | ) | |
| SHABAAKA ORAN AWOLOWO, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Awolowo's *pro se* letter [Doc. 41] detailing problems with his court-appointed attorney and defense counsel's Motion to Continue and Motion to Declare this Case Complex [Doc. 42], both of which were referred [Docs. 45 and 46] to the undersigned. See 28 U.S.C. § 636(b). The parties appeared for a hearing on these motions on September 18, 2009. Assistant United States Attorney Kelly Ann Norris appeared on behalf of the Government. Attorney A. Philip Lomonaco represented the Defendant, who was also present.

At the hearing, defense counsel stated that he and the Defendant had discussed the Defendant's concerns about the quality of representation he had received. Mr. Lomonaco agreed with the Defendant's statements in his *pro se* filing that he needed more time to prepare for the trial of this case. He stated that he had apologized to the Defendant and assured the Defendant that he would receive good representation going forward. Mr. Lomonaco believed that the defendant would like to withdraw his *pro se* filing and continue with Mr. Lomonaco as counsel. The Defendant agreed that he was asking for Mr. Lomonaco to be removed but stated that he and Mr. Lomonaco had discussed matters and had worked things out. He agreed that he was satisfied with keeping Mr.

1

Lomonaco as his attorney. Accordingly, the Court finds that the Defendant is asking to withdraw his *pro se* letter [Doc. 41] stating his dissatisfaction with counsel and to continue with Mr. Lomonaco as his counsel. The Defendant's *pro se* filing [**Doc. 41**] is **WITHDRAWN**, and Attorney Lomonaco shall remain his counsel of record under the Criminal Justice Act (CJA).

Mr. Lomonaco informed the Court that the Defendant may have some motions to file. He requested that the motion-filing deadline be reopened to allow him to complete his review of the issues with the Defendant and to prepare those motions. The Government stated that although the motion-deadline had expired in this case, it believed a new motion deadline would be fair in light of the circumstances. The Court finds that the Defendant's request for a new motion-deadline is well-taken, and it is **GRANTED**.

In his Motion to Continue, defense counsel asks to continue the September 22, 2009 trial date in this case because he needs more time to prepare the case for trial. Mr. Lomonaco states that he has had to be out of the office a lot over the last six months and has not been able to devote the necessary time and effort to the case. He maintains that the failure to grant a continuance would result in a miscarriage of justice. Moreover, the Defendant argues that this case is complex and protracted. The Superseding Indictment [Doc. 28] charges the Defendant and two codefendants with conspiring to commit six bank robberies in three towns in December 2008 and January 2008. Defendant Awolowo is also charged with five bank robberies that comprise overt acts of the conspiracy as well as an earlier bank robbery in December 2007. The Defendant contends that the six different bank robberies raise a variety of issues and evidentiary matters. At the September 18 hearing, defense counsel stated that the six bank robberies involved identity issues and separate alibis. The Court questioned the Defendant, who agreed that he wanted his trial to be continued and

2

that he understood he would remain in custody until the new trial date. The Government had no objection to the requested continuance or to designation of the case as complex.

The Court finds the Defendant's motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court observes that the Defendant seeks additional time to file motions and for his counsel to prepare for trial. See 18 U.S.C. § 3161(h)(1)(D). In this regard, the Court finds that defense counsel has had to be away from his office a lot over the past six months, during which he was not able to devote time to this case. The Court has granted his request to reopen the motion-filing deadline. If any motions are ultimately filed, the Government will need time to file responses to the motions. The Court will need time to hold an evidentiary hearing on the motions and time, not to exceed thirty days, to rule on them. See 18 U.S.C. § 3161(h)(1)(H). Additionally, the parties may need time to file any objections or appeals to the District Court, and the District Court will, in turn, need time to rule upon those filings. See 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare for trial in light of any rulings on the motions. The Court finds that all of this could not take place before the September 22, 2009 trial date or in less than five months. The failure to grant a continuance would deprive the Defendant of time to determine the necessity of pretrial motions and the parties of time to litigate those motions and to prepare for trial in light of the rulings on these issues. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, the Court also finds that this case should be designated as unusual and complex. This case involves three defendants each charged with conspiracy and with bank

3

robberies. The five bank robberies that are alleged as overt acts in furtherance of the conspiracy involve different combinations of the defendants alleged to have been involved. Additionally, Defendant Awolowo is charged with a separate bank robbery occurring a year prior to the events alleged in the conspiracy. The Court finds that the number of defendants and the number of bank robberies involved in this case, each involving a variety of evidentiary and other legal issues, make it unreasonable to expect adequate preparation for pretrial matters or for the trial itself within the normal time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Accordingly, the Defendant's Motion to Continue and Motion to Declare Case Complex [**Doc. 42**] is **GRANTED**. The trial of this matter is reset for **February 16, 2010**. The Court also finds and the parties agreed that all the time between the filing of the Defendant's continuance motion on **September 14, 2009**, and the new trial date of **February 16, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(H), & (h)(7)(A)-(B). With regard to additional scheduling, the motion-filing deadline is extended to **October 13, 2009**. Responses are due on or before **October 27, 2009**. The Court set a motion hearing and pretrial conference for **November 12, 2009, at 9:30 a.m.** If no motions are filed, then the Court will enter the standard Pretrial Order. The plea negotiation cut-off deadline is **January 25, 2010**.

Accordingly, it is **ORDERED**:

(1) The Defendant's *pro se* filing [**Doc. 41**] is **WITHDRAWN**, and Attorney A Philip Lomonaco shall remain his counsel of record under the Criminal Justice Act (CJA);

(2) The Defendant's Motion to Continue and Motion to Declare Case Complex [**Doc. 42**] is **GRANTED**;

(3) The trial of this matter is reset to commence on **February 16,**

4

**2010**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) All time between the filing of the Defendant's Motion to Continue on **September 14, 2009**, and the new trial date of **February 16, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Defendant's oral motion to extend the motion-filing deadline is **GRANTED**. The motion-filing deadline is extended to **October 13, 2009**;

(6) Responses are due on or before **October 27, 2009**;

(7) The parties are to appear before the undersigned for a motion hearing and pretrial conference on **November 12, 2009, at 9:30 a.m.**; and

(8) The plea negotiation cut-off deadline is **January 25, 2010**.

**IT IS SO ORDERED.**

           ENTER:


            s/ C. Clifford Shirley, Jr.
            United States Magistrate Judge