UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-14 |
| | ) | (VARLAN/SHIRLEY) |
| SHABAAKA ORAN AWOLOWO, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Order [Doc. 66]

of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the Defendant's

Motion to Continue the Trial Date and for Extension of Plea Cut-Off and Alibi Defense Notice [Doc.

64], and defense counsel's Motion to Withdraw as Counsel of Record [Doc. 65], both filed on

January 29, 2010.  The parties appeared before the undersigned on February 5, 2010, for a hearing

on the motions.  Assistant United States Attorneys Cynthia Davidson and Kelly Norris appeared on

behalf of the Government.  Attorney A. Philip Lomonaco, appointed counsel for the Defendant, was

present, as was the Defendant.  Attorney Kelly Johnson was also present.

**I.      Attorney Lomonaco's motion to withdraw**

The Motion to Withdraw as Counsel of Record [Doc. 65] asks the Court to appoint new

counsel for the Defendant to replace Attorney Lomonaco.  At the hearing, Attorney Lomonaco

explained that the trust essential to the attorney-client relationship between himself and the

Defendant was broken.  Attorney Lomonaco further explained that the Defendant has filed a

complaint against him with the Consumer Assistance Program of the Tennessee Board of Professional Responsibility. Attorney Lomonaco alleged that the Defendant had made misrepresentations about the course of the representation, and he asserted that he cannot answer the pending Professional Responsibility complaint while continuing to represent the Defendant. Attorney Lomonaco concluded by stating that the Defendant desired a new attorney to represent him. The Government took no position on the motion.

The Court asked the Government to leave the courtroom and conducted a sealed, *ex parte* hearing to inquire into the reasons for the Defendant's dissatisfaction with his representation by Attorney Lomonaco. The Court heard confidential statements from Attorney Lomonaco and the Defendant in order to determine whether good cause for the appointment of new counsel exists in this case. The rule in this Circuit is that a defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). Based upon the statements of Attorney Lomonaco and the Defendant in the *ex parte* hearing, the Court finds that the trust vital to the attorney-client relationship between Attorney Lomonaco and the Defendant is irreparably and irretrievably broken. Further, the Court notes that the Defendant's pending complaint before the Board of Professional Responsibility has created an actual conflict of interest that warrants substitution of defense counsel.

Accordingly, after carefully considering the positions of the Defendant, defense counsel, and the Government, the Court concludes that Attorney Lomonaco's motion is well-taken and that good cause exists to substitute new counsel to represent the Defendant. The Motion to Withdraw as Counsel of Record **[Doc. 65]** is **GRANTED**, and Attorney Lomonaco is relieved as appointed

counsel for the Defendant.

The Court recognizes the need for the Defendant to be continuously represented by counsel. At the hearing, Attorney Kelly Johnson agreed to undertake representation of the Defendant. The Court therefore and hereby substitutes and appoints Attorney Johnson under the Criminal Justice Act ("CJA") as counsel of record for the Defendant.

## II.     The Defendant's motion to continue

The Defendant filed a Motion to Continue the Trial Date and for Extension of Plea Cut-Off and Alibi Defense Notice [Doc. 64] concurrently with Attorney Lomonaco's motion to withdraw. In light of the fact that Attorney Lomonaco's motion was granted by the Court, the Government agreed at the February 5 hearing that the substitution of defense counsel necessitates a continuance of the trial and an extension of all relevant pretrial deadlines. The parties agreed on a new trial date of June 8, 2010, and a new deadline for plea negotiations and the filing of notice of intent to use an alibi defense of March 19, 2010. The Defendant stated that he understood his speedy trial rights and that he wanted the trial to be continued. The Defendant also stated that he understood that he would remain in custody pending the new trial date.

The Court finds that the substitution of counsel effected at the February 5 hearing and memorialized in this order is good cause to continue the trial. The Court also finds that the ends of justice served by granting a continuance outweigh the best interest of the Defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Requiring the Defendant's new counsel to proceed to trial without the reasonable time necessary to prepare would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i) and - (iv). Attorney Johnson needs time to familiarize himself with the case, to meet with the Defendant, to review the discovery, and to prepare for trial.

The Court finds that all of this could not take place before the February 16, 2010, trial date or in less than four months. Thus, without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion to Continue the Trial Date and for Extension of Plea Cut-Off and Alibi Defense Notice **[Doc. 64]** is **GRANTED**. The Court **ORDERS** that the trial of this matter is reset to commence on **June 8, 2010**, before the Honorable Thomas A. Varlan, United States District Judge. The Court finds that all of the time between the **February 5, 2010**, hearing and the new trial date of **June 8, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), -(7)(A), -(7)(B)(i), and -(7)(b)(iv).

With regard to other scheduling in the case, the Court **ORDERS** that, as agreed by the parties, the deadline for plea negotiations and the filing of notice of intent to use an alibi defense is extended to **March 19, 2010**. The Court further **ORDERS** that all motions *in limine* must be filed by **May 21, 2010**, and any special requests for jury instructions must be submitted to the District Court by **May 27, 2010**. Special requests for jury instructions must be supported by citations of authority pursuant to Local Rule 7.4.

It is **ORDERED**:

(1) Attorney Lomonaco's Motion to Withdraw as Counsel of Record **[Doc. 65]** is **GRANTED**;

(2) Attorney Lomonaco is relieved as appointed counsel for the Defendant and Attorney Kelly Johnson is substituted as the Defendant's counsel of record under the CJA;

(3) The Defendant's Motion to Continue the Trial Date and for Extension of Plea Cut-Off and Alibi Defense Notice **[Doc. 64]** is **GRANTED**;

(4) The trial of this matter is reset to commence on **June 8, 2010**, before the Honorable Thomas A. Varlan, United States District Judge;

4

(5) All of the time between the February 5, 2010, hearing and the new trial date of **June 8, 2010**, is fully excludable time under the Speedy Trial Act;

(6) The deadline for plea negotiations and the filing of notice of intent to use an alibi defense is extended to **March 19, 2010**;

(7) All motions *in limine* must be filed by **May 21, 2010**; and

(8) Special requests for jury instructions must be submitted to the District Court by **May 27, 2010**, and must be supported by citations of authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

5